IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | | |
|---|---|---|
| RENA HOSKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-cv-279 |
| | ) | |
| UNITED STATES CELLULAR CORPORATION and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This civil action is before the court on the motion of defendant United States Cellular Corporation, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint [doc. 11]. The plaintiff has responded [doc. 20], and the defendant has filed a reply [doc. 21]. The plaintiff also has filed an addendum to her response [doc. 24]. The court finds that oral argument on the motion is not necessary and the motion is ripe for the court's consideration. For the reasons stated below, the motion will be granted in part and denied in part.

In order to dismiss a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must determine whether a cognizable claim has

been pleaded in the complaint. *See Fed. Express Corp. v. United States Postal Service*, 40 F. Supp. 2d 943, 947 (W.D. Tenn. 1999). The complaint must set out allegations of the material elements of some viable legal theory. *See Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001). The complaint is construed in the light most favorable to the plaintiff and the factual allegations are accepted as true. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Claims may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

In her complaint, the plaintiff alleges that defendants United States Cellular Corporation, her employer, and Prudential Insurance Company of America, which provides a long-term disability policy for employees of United States Cellular Corporation, violated her rights under Title VII (42 U.S.C. § 2000e-5(f)(1)), the Americans with Disabilities Act (42 U.S.C. § 12117), the Tennessee Human Rights Act (Tenn. Code Ann. § 4-21-311), and the Employment Retirement Income Security Act (29 U.S.C. § 1132(a)(3)). The plaintiff claims that she is a white, disabled female who was denied long-term disability benefits because of her sex, her race, and her disability and in retaliation for her complaints about employment discrimination.

She alleges that she was unable to establish a working relationship with her new supervisor, Eric Lewis, who is a black male. She claims that Lewis

2

was involved in an affair with one of her co-workers, and she heard him make comments of a sexual nature to two other female co-workers. Because of her inability "to establish an acceptable working relationship with Lewis," she became anxious and applied for and was granted short-term disability leave. She later applied for long-term disability leave, but this request was denied. It is this denial that forms the basis for all her claims.

### A. Title VII and ADA Claims

In its motion to dismiss, defendant United States Cellular Corporation ("USCC") first argues that the plaintiff's claims brought under Title VII and the Americans with Disabilities Act ("ADA") should be dismissed because a condition precedent to filing this federal lawsuit was not satisfied. USCC argues that although the plaintiff had received a "right-to-sue" letter from the EEOC concerning her claims against defendant Prudential Insurance, she had not received such a letter concerning her claims against USCC. Further, at the time USCC filed its motion to dismiss, USCC says it was in the process of responding to the EEOC concerning the plaintiff's claims, demonstrating that a right-to-sue letter had not been issued as to USCC. "[T]he right-to-sue letter is a condition precedent and not a jurisdictional requirement" to filing a lawsuit under Title VII and the ADA. *Rivers .v Barberton Bd of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998) (Title VII); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) (ADA).

In her response, the plaintiff asserts that she exhausted her remedies as evidenced by the copy of the right-to-sue letter attached to her complaint. That letter was issued twelve days after the plaintiff filed her EEOC complaint and states that the reason why the EEOC was closing its file on the charge was because there was "NO EMPLOYER/EMPLOYEE RELATIONSHIP – EEOC HAS NO JURISDICTION." The letter was sent to the plaintiff and to defendant Prudential Insurance Company, <u>only</u>. Clearly, the right-to-sue letter upon which the plaintiff relies does not apply to defendant USCC. The plaintiff also attempts to argue that USCC's claim that it was still responding to the EEOC at the time its motion to dismiss was prepared is not supported by the evidence. These two arguments are disingenuous at best given the plaintiff's subsequent receipt and filing of a right-to-sue letter related to her claims against USCC [doc. 24].

Nonetheless, the court finds that the plaintiff's filing of the relevant right-to-sue letter saves the plaintiff's Title VII and ADA claims from dismissal on this basis. Where a plaintiff receives and files the right-to-sue letter prior to the court's consideration of the motion to dismiss, and where there is no showing of prejudice to the defendant, there is "no reason to bar [the plaintiff's] claim solely on the grounds of a non-jurisdictional requirement" that is later cured. *Parry*, 236 F.3d at 310 (quoting *Portis v. Ohio*, 141 F.3d 632, 634 (6th Cir. 1998)). Therefore,

USCC's motion to dismiss the plaintiff's Title VII and ADA claims must be denied at this time.

### B. THRA Claims

Next, USCC argues that the plaintiff's THRA claims must be dismissed because section 4-21-311(a) specifically allows such claims to be filed only in Tennessee's chancery or circuit courts. In response, the plaintiff argues that her THRA claims are properly before court under this court's supplemental jurisdiction. In its reply, USCC contends that supplemental jurisdiction was not pleaded in the plaintiff's complaint, and she may cannot amend her complaint in her responsive pleadings.

Initially, the court notes that the plaintiff claims that this court has jurisdiction under "28 U.S.C. §§ 451, 1331, 1337, and 1343." Of these citations, only § 1331 affords this court jurisdiction over the plaintiff's federal claims. Section 451 is the definitions section of the general provisions part of Title 28; section 1337 applies to commerce and antitrust lawsuits; and section 1343 applies to civil rights lawsuits.

In any event, even though the plaintiff failed to raise supplemental jurisdiction as a basis for this court's jurisdiction over her THRA claims, the court will allow these claims to remain in the lawsuit for the present. The analysis of state THRA claims and federal Title VII and ADA claims is the same, and there is

5

no reason to dismiss the THRA claims at this time. *See, e.g., Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 31 (Tenn. 1996).

### C. ERISA Claims

Finally, USCC argues that plaintiff's ERISA claims should be dismissed because USCC is not a proper defendant. In support of this argument, USCC contends that it is not the plan administrator and has no control over the plan. *See Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988). Under the plan, a copy of which is attached to USCC's motion to dismiss, defendant Prudential Insurance is the plan administrator and has "total discretion to determine Long Term Disability eligibility for benefits." USCC also argues that the plaintiff failed to exhaust her administrative remedies before filing her ERISA claim and that the complaint fails to state a claim for breach of fiduciary duty.

In response, the plaintiff argues that there is no evidence to support USCC's assertion that it is not the plan administrator. The court disagrees. The plan clearly declares that Prudential Insurance is the claims administrator of the Long Term Disability plan, not the plaintiff's employer. In spite of this, and the fact that the plaintiff submitted her disability claim to Prudential Insurance on Prudential's claim form, the plaintiff submits that a USCC manager acted as an apparent agent of Prudential Insurance when he told the plaintiff's husband that her disability claim would never be approved. The plaintiff relies on *Anderson v. The Int'l Union, United Plan Guard Workers of Am.*, 370 F.3d 542 (6th Cir. 2004),

6

Case 3:04-cv-00279   Document 31   Filed 08/02/05   Page 6 of 8   PageID #: 223

to support her apparent agent theory. However, as pointed out by USCC in its reply brief, *Anderson* is inapposite and does not support her argument. In fact, the Sixth Circuit stated in *Anderson* that a "third party may not, however, *reasonably* rely upon an agent's ostensible authority if the third party knows that the agent is not authorized to act in a particular manner." *Anderson*, 370 F.3d at 551.

The court finds that the plaintiff's ERISA claims against defendant USCC must be dismissed because USCC is not the long-term disability plan administrator. Therefore, the court does not need to reach the defendant's argument concerning the plaintiff's failure to exhaust her administrative remedies. The court, however, will briefly consider the plaintiff's breach of fiduciary claims against USCC.

USCC argues that the plaintiff is attempting to characterize her claims as a breach of fiduciary duty in order to avoid the exhaustion requirements under ERISA. USCC submits that not only is this mischaracterization inappropriate, but the plaintiff has failed to state such a claim. USCC argues that the plaintiff has not properly alleged that USCC is an ERISA fiduciary or that it engaged in activities that demonstrate its fiduciary status. This failure is fatal to any breach of fiduciary claim. "A person is a fiduciary only with respect to those aspects of the plan over which he exercises authority or control." *See Grindstaff v. Green*, 133 F.3d 416, 426 (6th Cir. 1998) (quoting *Sommers Drug Stores Co.*

7

*Profit Sharing Trust v. Corrigan Enter., Inc.*, 793 F.2d 1456, 1459-60 (5th Cir. 1986)). In this case, the plan is clear that Prudential Insurance has the sole discretion to determine long term disability benefits, so USCC could not have breached any fiduciary duty concerning the denial of the benefits.

## **Conclusion**

For the reasons stated above, USCC's motion to dismiss the plaintiff's ERISA claims will be granted, but the motion to dismiss the Title VII, ADA, and THRA claims will be denied at this time. An order reflecting this opinion will be entered.

ENTER:

*s/ Leon Jordan*
United States District Judge