IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | | |
|---|---|---|
| RENA HOSKINS, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) | No. 3:04-cv-279 |
| UNITED STATES CELLULAR CORPORATION and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) ) ) ) | |
|     Defendant. | | |

### **MEMORANDUM OPINION**

This civil action is before the court on the motion of defendant Prudential Insurance Company of America, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint [doc. 18].[1] The plaintiff has responded [doc. 22], and the defendant has filed a reply [doc. 23]. The plaintiff also has filed an addendum to her response [doc. 25] to which the defendant has filed a reply [doc. 26]. The court finds that oral argument on the

---

[1] Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, if, on a motion to dismiss, the parties submit exhibits that are matters outside the pleadings, the motion may be treated as a motion for summary judgment. In this case both the plaintiff and the defendant have filed such exhibits to their various pleadings, so the court will treat the motion as one for summary judgment. The court finds, however, that the Long Term Disability plan is central to the plaintiff's claim and not a matter outside the pleadings. *See Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

motion is not necessary, and the motion is ripe for the court's consideration. For the reasons stated below the defendant's motion will be granted.

Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment may be granted, "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." As the Supreme Court stated in *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), this "plain language mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." The moving party's burden may be discharged by showing that there is an absence of evidence to support the non-moving party's case. *Id.* at 325, 106 S.Ct. at 2554. In order for a non-moving party to defeat a motion for summary judgment, the non-moving party must come forward with persuasive evidence to support his or her claim or demonstrate that there is a genuine material factual dispute; that is, the non-moving party must produce evidence on which the jury could reasonably find for the non-moving party. *Id.* at 323, 106 S.Ct. at 2552.

In her complaint, the plaintiff alleges that defendants United States Cellular Corporation ("USCC"), her employer, and Prudential Insurance Company

2

of America ("Prudential"), which provides a long-term disability policy for employees of United States Cellular Corporation, violated her rights under Title VII (42 U.S.C. § 2000e-5(f)(1)), the Americans with Disabilities Act (42 U.S.C. § 12117), the Tennessee Human Rights Act (Tenn. Code Ann. § 4-21-311), and the Employee Retirement Income Security Act (29 U.S.C. § 1132(a)(3)). The plaintiff claims that she is a white, disabled female who was denied long-term disability benefits because of her sex, her race, and her disability and in retaliation for her complaints about employment discrimination.

She alleges that she was unable to establish a working relationship with her new supervisor, Eric Lewis, who is a black male. She claims that Lewis was involved in an affair with one of her co-workers and that she heard him make comments of a sexual nature to two other female co-workers. Because of her inability "to establish an acceptable working relationship with Lewis," she became anxious and applied for and was granted short-term disability leave. She later applied for long-term disability leave, but this request was denied. It is this denial that forms the basis for all her claims.

### A. Title VII and ADA Claims

In its motion to dismiss, defendant Prudential first argues that the plaintiff's claims brought under Title VII and the Americans with Disabilities Act ("ADA") should be dismissed because it is not the plaintiff's employer. This court agrees. Both Title VII and the ADA specifically address unlawful *employment*

3

practices. Prudential is not the plaintiff's employer and cannot be liable to the plaintiff under either of these statutes. The Title VII and ADA claims against Prudential will be dismissed.

### B. THRA Claims

Next, Prudential argues that the plaintiff's Tennessee Human Rights Act ("THRA") claims must be dismissed. In her response, the plaintiff admits that she did not intend to state a claim against Prudential for violations of the THRA: "Plaintiff filed the THRA claim against USCC and not against Prudential." Based on the plaintiff's statement, the THRA claims will be dismissed to the extent that the complaint could be interpreted to state such claims against Prudential.

### C. ERISA Claims

Finally, Prudential argues that plaintiff's Employee Retirement Income Security Act ("ERISA") claims should be dismissed because the plaintiff failed to exhaust her administrative remedies before filing her ERISA claim. The Sixth Circuit has repeatedly held that although ERISA does not explicitly require exhaustion, the "administrative scheme of ERISA requires a participant to exhaust his or her remedies prior to commencing suit." *See Ravencraft v. UNUM Life Ins. Co. of Am.*, 212 F.3d 341, 343 (6th Cir. 2000) (quoting *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991)). "[T]he exhaustion requirement enables plan fiduciaries to 'efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court

4

in reviewing the fiduciaries' actions.'" *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 90 (6th Cir. 1997) (quoting *Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 453 (6th Cir. 1991)).

Nonetheless, the plaintiff argues that exhaustion would be futile. There is an exception to traditional exhaustion principles when resort to the administrative route would be futile or the remedy would be inadequate. *Id.* In support of this argument, the plaintiff says that Prudential denied the plaintiff's claim on August 4, 2004, and she filed a letter appeal on October 16, 2004, which is still pending.[2] The plaintiff also says that an employee of USCC told plaintiff's husband that any efforts to obtain long-term disability benefits would be futile.

---

[2] On December 28, 2004, the plaintiff filed an addendum to her response [doc. 25]. She states that the purpose of the addendum is to present "further and more recently developed evidence" in support of her futility argument. She argues for the first time that she filed an initial appeal of the denial of her benefits on June 3, 2004. She specifically references a letter attached to this pleading. The letter is *indentical* to the October 16 letter except for the date, and the signatures of counsel are slightly different. The letter of June 3, 2004, however, appears to be an effort to misrepresent the plaintiff's administrative appeal efforts.

As indicated above, the June 3 letter is identical to the October 16 letter except for the date. The first paragraph of the letter states:
> Rena Hoskins, my client, appeals the denial of [Long Term Disability] by Prudential in the two letters of James Furman **dated August 4 and 5, 2004**. This appeal is of a "protective" nature only, as we believe that Ms. Hoskins need not appeal for the reasons set forth in Plaintiff's response [filed **September 29, 2004**] to a motion filed by her employer, United States Cellular Corporation [filed **September 9, 2004**], which is one of the defendants in Civil Action No. 3:04-cv-279 filed [**June 30, 2004**] in the United States District court for the Eastern District of Tennessee at Knoxville.

Exhibit to Doc. 25. As can be seen, this letter could <u>not</u> have been sent to Prudential on June 3, 2004, because at least four of the references in the first paragraph had not yet occurred.

Plaintiff states in her pleading that the October 16 letter is a "second appeal." Whether it is or is not cannot be determined from the record before the court. What can be determined is that plaintiff's counsel has filed a trumped-up letter in his attempt to influence the court concerning the status of the plaintiff's appeals filed with Prudential. The court can conceive of no reason why such an unambiguous misrepresentation to the court would be filed.

5

The court finds that neither of these arguments excuse the plaintiff's failure to exhaust her administrative remedies before filing this ERISA lawsuit.

First, the record before the court clearly demonstrates that the plaintiff's appeal of the denial of her benefits is pending before Prudential, the plan administrator. In the later addendum to her response [doc. 25], the plaintiff argues that because Prudential did not respond to her claim within the allowed time (up to ninety days), this failure to adhere to its plan requirements should excuse the plaintiff from exhausting her administrative remedies. The court finds that a futility argument based simply on the fact the employer did not file its denial of benefits within the ninety-day deadline does not excuse the plaintiff's exhaustion responsibilities. *Ravencraft*, 212 F.3d at 343. It does not necessarily demonstrate that Prudential ignored the plaintiff's claim, nor that plaintiff's claim is not being given due consideration. *Id.*

Further, the plaintiff has not shown that Prudential's review procedures are insufficient or unfair, or that an available remedy would be inadequate. *Id.* at 343-44. The plaintiff was informed in the August 4, 2004 denial letter that she could file up to three appeals, and she could supplement her request with any written comments, additional evidence or documentation, or any other information concerning her claim.[3]

---

[3] The plan specifically provides that if the plaintiff appeals a third time, Prudential will waive its right to assert exhaustion as a defense.

Second, Brewer had no authority, apparent or otherwise, to grant or deny the plaintiff's request for benefits. Thus, even assuming that he told the plaintiff that her requests for long-term disability benefits would be futile, his statements do not excuse her failure to exhaust her remedies, especially in light of the fact that Prudential has "total discretion" to decide the plaintiff's eligibility for benefits.

The court finds that the plaintiff has failed to meet her burden of showing that exhaustion of her administrative remedies would be futile, and Prudential's motion to dismiss the ERISA claims will be granted.

## **Conclusion**

For the reasons stated above, the plaintiff's Title VII, ADA and THRA claims against defendant Prudential will be dismissed with prejudice; however, the plaintiff's ERISA claims will be dismissed without prejudice. *See Ravencraft*, 212 F.3d at 344 (dismissal without prejudice appropriate where dismissal is based on failure to exhaust remedies). An order reflecting this opinion will be entered.

ENTER:

      *s/ Leon Jordan*
United States District Judge